Jackson vs. Tift.

JOHN JACKSON, plaintiff in error, *vs.* NELSON TIFT, defendant in error.

It is no error in the Circuit Court to require the judgment of this Court to be executed according to its true intent and meaning, provided the same has been correctly interpreted.

Rule to distribute money. In Dougherty. Decision by Judge POWERS, December Term, 1856.

[For the facts of this case, see 15 *Ga. Rep. p.* 557.]

Upon the former hearing of this case by the Supreme Court, the judgment of the Court below was reversed, and it was ordered that the whole amount due upon Jackson's mortgage, up to the time when the western half of the lot was sold, should be ascertained, and one-half thereof be considered as extinguished, on account of the appropriation by Jackson of the eastern half of said lot, and after crediting the other moiety of the debt with $600.00, the price paid for the western half, and also any rents which may have been received on said lot, that the fi. fa. be considered as open and unsatisfied for the balance due thereon.

At December Term, 1856, of Dougherty Superior Court, in pursuance of the judgment awarded by the Supreme Court, the following estimate was made upon Jackson's mortgage, to-wit:

| | | |
|---|---|---:|
| Moiety of mortgage debt.   -   -   -   - | | $ 700.00 |
| Interest to 4th February, 1845   -   -   -   - | | 93.33 |
| | | $793.33 |
| Cr. by sale of half lot.   -   -   -   -   - | | 600.00 |
| | | $193.33 |
| Interest from 4th Feb. 1845, to | Dec. 1853.   - | 135.27 |
| | | $328.60 |

And the following order passed in the case of Shorrell *vs.* David Ham, and Nelson Tift, endorser, fi. fa. paid and controlled by Tift, &c. :

It appearing to the Court that upon an estimate made, according to the judgment of the Supreme Court, that there is due on the fi. fa. of John Jackson *vs.* David Ham and Daniel Ham, the sum of three hundred and twenty-eight dollars and sixty cents. ($328.60.) It is therefore ordered that the said sum be allowed to said John Jackson out of the sum of $679.50, raised from the sale of the negro woman Clarissa, as the property of defendants, under the fi. fa., to 6th Dec. 1853, leaving a balance of $350.90, with interest from July, 1854, for distribution among the other creditors of David Ham : and the above fi. fa. being the oldest, on which is due more than sufficient to consume the whole balance, ordered that the said balance of $350.91, be paid over to Nelson Tift on said fi. fa., and the said John Jackson pay over this sum, with interest from 3d July, 1854, to Nelson Tift, the assignee and holder of the above fi. fa.; and upon doing so, the note given by him to George W. Collier, sheriff, for the purchase of the negro Clarissa be given up and cancelled.

To which order Jackson by his counsel excepted.

Vason & Davis, and Slaughter, for plaintiff in error.

R. F. Lyon, for defendant in error.

*By the Court.*—Lumpkin, J. delivering the opinion.

When this case was before this Court at its July Term, 1854, it was directed that a calculation be made on the whole mortgage debt due John Jackson, up to the time when the western half of lot No. 24 in the town of Albany was sold ; that one-half thereof be considered extinguished—that being the valuation which the law puts upon the eastern

half retained by the mortgagee and appropriated to his own use, in the absence of all proof as to its actual value. That the balance of the mortgage debt be credited with $600, for which the western half of the lot was sold, together with such rents, if any may have been received thereon, and that the execution stand open for the residue. *See* 15 *Ga. Rep.* 560.

The judgment of this Court was made the judgment of the Court below, and the money distributed accordingly; and to correct this alleged error of the Court the present writ is prosecuted.

We see nothing wrong in the interpretation of the decision of this Court by the Superior Court. Neither do we see any mistake to rectify, either of the view which this Court took either of the facts or the law of the case when it was up before.

We offered, by consent of parties, to direct the judgment of the Court below to be set aside, and the whole case opened for re-examination. But this offer is declined, notwithstanding counsel on both sides agree in thinking there was error in the former decision.

When both sides of a case are satisfied or dissatisfied, it is a pretty fair presumption that justice has been done. And with this remark we dismiss the case.

Judgment affirmed.